IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:21-cr-446-ECM |
| | ) | (WO) |
| STEVEN JOHN SMALLEY | ) | |

**O R D E R**

On April 20, 2022, the Court received a forensic report of Kristen M. Schramm, Psy.D., a qualified expert in the field of forensic psychology. (Doc. 32). In the report, Dr. Schramm outlined her finding that Defendant Steven John Smalley is competent to stand trial and he is not "currently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or properly assist in his defense." (*Id*. at 12). In the report, Dr. Schramm opined that Smalley "is presently competent to proceed." (*Id*.).

After being given the opportunity to comment on Dr. Schramm's evaluation and obtain another evaluation, the Defendant advised the Court that he "does not dispute that [he] is competent to stand trial and does not object to this Court finding [him] competent to stand trial without a hearing." (Doc. 43 at 1). Neither party has presented any information indicating that the Court should not rely on Dr. Schramm's opinion that the Defendant is competent, which is unchallenged by the Defendant. For these reasons, and because neither party has requested a competency hearing, the Court finds that a competency hearing is not required for the Court to make a determination as to Defendant Smalley's competency to stand trial. *See United States v. Johns*, 390 F. App'x 963, 969

(11th Cir. 2010) ("Due process requires that an adequate hearing be held on competency when the evidence raises a bona fide doubt as to defendant's competency to stand trial . . . .") (quoting *Fallada v. Dugger*, 819 F.2d 1564, 1568 (11th Cir. 1987) (internal citations omitted)); *United States v. Williams*, 262 F. App'x 165, 173 (11th Cir. 2008) (A district court may rule on the issue of defendant's competency "without [the] benefit of a full dress hearing as long as the court has no 'bona fide doubt' as to the competence of the defendant.") (quoting *United States v. Nickels*, 324 F.3d 1250, 1252 (11th Cir. 2003) (bracket in the original)).

After consideration of the evidence, the Court credits the conclusions of Dr. Schramm and finds that there is no bona fide doubt that Defendant Steven John Smalley is competent to stand trial. Accordingly, it is

ORDERED that, as set previously, jury selection and trial in this matter are set on the criminal term set to commence on **July 11, 2022, at 10:00 a.m.** in Dothan, Alabama.

It is further

ORDERED that the motion to extend deadline (doc. 43) and motion to seal (doc. 42) are GRANTED.

Done this the 14th day of June, 2022.

                                        /s/Emily C. Marks
                                        EMILY C. MARKS
                                        CHIEF UNITED STATES DISTRICT JUDGE